```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                  Case No. 8:12-cr-303-T-33TBM

COURTNEY LEMAR ALLEN

_____/

**ORDER**

This matter is before the Court pursuant to Defendant Courtney Lemar Allen's Motion for Severance of Defendants' Trials (Doc. # 29), filed on October 3, 2012. The Government filed a Response (Doc. # 33) on October 9, 2012. For the reasons that follow, the Court denies the motion.

As this Court previously explained in its Order regarding speedy trial calculation in this case (Doc. # 25), "excludable from Speedy Trial calculation is 'a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.'" United States v. Noriega, 746 F. Supp. 1548, 1558-59 (S.D. Fla. 1990) (quoting 18 U.S.C. § 3161(h)(7)). In the Motion for Severance, Mr. Allen asserts that he "does not disagree with this Court's discussion of Speedy Trial" in the above-mentioned Order. (Doc. # 29 at 3). Nevertheless, Mr. Allen maintains that "the ends of justice require the severance of the defendants' trials in this case."

Id. at 4.

"In deciding a severance motion, a district court must balance the right of the defendant to a fair trial against the public's interest in efficient and economic administration of justice." United States v. Baker, 432 F.3d 1189, 1236 (11th Cir. 2005) (internal citations and quotations omitted). Furthermore, a court should grant severance "only when the defendant can demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his or her defense, resulting in fundamental unfairness." Id.

Mr. Allen's statement that he "would remain incarcerated pending trial [during the additional time that his co-defendant's counsel requires for preparation], despite the fact that he is prepared for trial and adamantly maintains his innocence in this case" (Doc. # 29 at 4), fails to demonstrate that a joint trial would result in specific and compelling prejudice to Mr. Allen's defense. As the Government notes in response to the Motion, Mr. Allen has failed to assert any of the following circumstances under which severance has been mandated in other cases:

> (1) that Allen's defense is 'mutually antagonistic' to co-defendant Salter's; (2) that co-defendant Salter could somehow exculpate defendant Allen were their trials to be separate; (3) that there is admissible inculpatory evidence against co-

2

> defendant Salter that would not be admissible against Allen during their joint trial; and (4) that the prejudicial 'spill over' of the evidence against co-defendant Salter would prevent the jury from making an individualized determination as to Allen's culpability.

(Doc. # 33 at 2-3) (quoting United States v. Chavez, 584 F.3d 1354, 1360-61 (11th Cir. 2009)). As the Eleventh Circuit acknowledged in Chavez, even a motion for severance based on one of the foregoing grounds "is rarely granted." Id. at 1360.

Mr. Allen's co-defendant has requested a continuance to the November trial calendar. Because this case was previously scheduled for trial in October, Mr. Allen's mere assertion that he is currently prepared for trial and that he will have to remain incarcerated for an additional month pending trial fails to demonstrate sufficient prejudice to warrant severance.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant Courtney Lemar Allen's Motion for Severance of Defendants' Trials (Doc. # 29) is DENIED.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of October 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3

Copies:  All Counsel of Record